UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
UNITED STATES OF AMERICA,           )
                                    )
                                    )
          v.                        )   CRIMINAL ACTION
                                    )   NO. 04-40026-FDS
BRIAN VALLEE, a/k/a "Chunky",       )
          Defendant,                )
_____ )

### STATUS REPORT
### March 9, 2005

**SWARTWOOD, C.M.J.**

The following is a Status Report to Saylor, J. to whom this case is assigned:

1. Discovery

Counsel for the parties have requested additional time to complete discovery. I have granted that request.

2. Further Status Conference

A further status conference shall be held in this case on April 5, 2005, at 2:00 p.m., in Courtroom 1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts.

3. Excludable Time

With the assent of counsel for the parties, I am excluding from the Speedy Trial Act, the period from February 14, 2005 (date of expiration of prior order of excludable time) through April 5, 2005 (date by which discovery should be completed). Therefore,

assuming no further order of excludable time under the plan for prompt disposition of criminal cases, this case must be tried on or before <u>Tuesday, June 14, 2005</u>.

4. <u>Interstate Agreement On Detainers ("IAD")</u>

When this Indictment was returned, Mr. Vallee was serving a state sentence in an unrelated criminal matter. The IAD, 18 U.S.C. App.2, provides for a uniform procedure among forty-eight states, the District of Columbia and the Federal Government for lodging and executing a detainer for prisoners having a sentence or completing a sentence. A detainer is a legal order that requires a state, in which an individual is currently imprisoned, to hold that individual so that he may be tried in a different state for a different crime.

The IAD provides for expeditious delivery of a prisoner to the receiving state for trial prior to the termination of his sentence in the sending state.

Article IV(c) provides that the receiving state shall begin the prisoner's "trial . . . within 120 days of the arrival of the prisoner in the receiving state."

Article IV(e) prohibits the return of the individual to the sending state before that trial is complete.

However, a prisoner can waive his right under the IAD. Johnson v. Zerbst, 304 U.S. 458, 464 (1938)(waiver shall be knowing and voluntary).

At Mr. Vallee's initial appearance in this Court, in connection with this Indictment, he signed a partial waiver of his IAD rights.

However, Mr. Vallee did not waive his right under the IAD to trial within 120 days. At the time that Mr. Vallee signed the partial waiver, he was represented by counsel.

At a status conference held on February 18, 2005, Mr. Vallee's counsel informed the Court and counsel for the Government that she had met with her client and that he would voluntarily sign a waiver of his IAD right to trial for the entire period from Mr. Vallee's arrival in this District through April 5, 2005.

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE