UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-40026-FDS |
| | ) | |
| BRIAN VALLE | ) | |

MOTION FOR PRODUCTION OF
NOTES OF DEFENDANT'S STATEMENTS

Defendant, Brian Valle, hereby moves that this court order the government to produce any notes made by government agents regarding statements made by the defendant when they interrogated him. This discovery is sought under Fed. R. Crim. P. 16(a)(1)(B)(ii), which requires disclosure of "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent[.]"

While the government has provided reports by government agents who interviewed Mr. Valle on a number of occasions, it has refused to produce notes of the statements allegedly made by him. Defendant submits that Rule 16, as amended in 1991, requires production of both reports and statements. The Advisory Committee Notes to the 1991 amendment make this clear:

> The written record need not be a transcription or summary of the defendant's statement but must only be some written reference which would provide some means for the prosecution and defense to identify the statement.

Several courts have required disclosure of notes under this provision, which was added in 1991. In United States v. Almohandis, 307 F.Supp.2d 253 (D.Mass. 2004), Magistrate-Judge Collings ruled that a literal reading of the Rule, as amended in 1991, required production of notes of an interview. "The Rule requires production of 'any written record of the substance of any relevant oral statement ...'. The notes are 'a' written record. They may not be the only written record, but they certainly are 'a' written record." Id. at 255.

In United States v. Griggs, 111 F.Supp.2d 551 (M.D.Pa. 2000), the court ordered production of notes made by state troopers during their interrogation of defendant, despite the court's doubt as to the applicability of Fed. R. Crim. P. 16(a)(1)(A) to state law enforcement officers). In Griggs, the court held that the notes "likely would be discoverable [despite decisions holding that only a report need be disclosed] because the language of the rule is to the effect that any written record of an oral statement by the defendant to a known agent must be disclosed." Griggs, 111 F.Supp.2d at 554.

Another district court has rejected the argument that the Jencks Act covered pretrial disclosure of notes of an

interrogation.  See United States v. Wright, 2001 U.S. Dist. LEXIS 6347 (D. Kan. 2001), at *49-51 (ordering disclosure).

The government's response to defendant's discovery request in this case cites United States v. Griffin, 659 F.2d 932, 937 (9th Cir. 1991) for the proposition that agent's notes are not Jencks material.  The First Circuit has held to the contrary. See United States v. Neal, United States v. Neal, 36 F.3d 1190, 1198 (1st Cir. 1994) (holding that "'[a] longhand writing which the court found fairly followed the witness' words, subject to minor inconsequential errors" would fall within [18 U.S.C. § 3500](e)(2)"), quoting Campbell v. United States, 296 F.2d 527, 532 (1st Cir. 1961)).

But the citation to Griffin is, at any rate, beside the point.  The issue presented in this motion is not whether the notes are Jencks material, but whether they are covered by the much broader provisions of Rule 16(a)(1)(B)(ii).

Undersigned counsel is aware that this court, in a discovery order issued in the case of United States v. Rizzuti, Criminal No. 03-40023-NMG, Order dated April 7, 2004, after reviewing the notes in camera, refused to order disclosure of notes that were not verbatim and that did not differ from the written reports. Defendant respectfully submits that the court misinterpreted the Rule.  The "written record" need not be verbatim, as the plain language of the Rule and the Advisory Committee notes make

clear.  As Judge Collings noted, the language "<u>any</u> written record" indicates that even duplicative records must be produced.

In <u>Almohandis</u>, Judge Collings exhaustively reviewed the decisions holding that notes need not be produced.  In each case, he concluded, "The post-1991 cases which hold that an agent's rough notes of a defendant's oral statements are not producible do not appear to take note of the 1991 change adding Rule 16(a)(1)(B)(ii)."  <u>Almohandis</u>, 307 F.Supp.2d at 256.

Defendant submits that the notes should be disclosed regardless of whether they differ from the previously disclosed reports.  <u>See</u> <u>id</u>. at 257 n.4; <u>United States v. Carucci</u>, 183 F.R.D. 614 (S.D.N.Y. 1999)(noting absence of materiality requirement in what was then Fed. R. Crim. P. 16(a)(1)(A)); <u>United States v. Molina-Guevara</u>, 96 F.3d 698, 705 (3rd Cir. 1996).  To the extent that the notes are either more or less inclusive than the reports, however, defendant submits that the notes may well constitute exculpatory evidence.  <u>Cf</u>. <u>Wright</u>, 2001 U.S. Dist. LEXIS 6347 (D. Kan. 2001) at *48-49.\

Certification Under Local Rule 116.3(F)

Undersigned counsel, Miriam Conrad, certifies that she has conferred with opposing counsel in a good faith attempt to eliminate or narrow the issues raised in this motion.

```
                                BRIAN VALLE
                                By his attorney,

                                /s/ Miriam Conrad

                                Miriam Conrad
                                   B.B.O. # 550223
                                Federal Defender Office
                                408 Atlantic Ave. 3rd Floor
                                Boston, MA  02210
                                Tel: 617-223-8061
```