**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                            )
UNITED STATES OF AMERICA    )
                            )
v.                          )     Criminal Action
                            )     No. 04-40026-FDS
BRIAN VALLEE (a/k/a "Chunkey"),)
          Defendant,        )
                            )
_____)
```

**ORDER**
May 5, 2005

SWARTWOOD, C.M.J.

This matter was referred to me on November 10, 2004 for determination of all pretrial proceedings. This Order addresses the Motion For Production Of Notes Of Defendant's Statements (Docket No. 16).

## Discussion

Mr. Vallee requests that the Government be ordered to produce any notes made by Government agents referencing statements made by him during interrogation. Mr. Vallee takes the position that Fed.R.Crim.P. 16(a)(1)(B)(ii) requires the disclosure of not only an agent's written report containing the substance of any relevant oral statements made by a defendant (which the Government has produced), but also the agents' notes. The Government, relying on

my prior order in <u>United States v. Rizzuti</u>, 03-40023-NMG, issued April 7, 2004, argues that such notes are not discoverable under Rule 16 unless they set forth, verbatim, the substance of the defendant's statements.

The Government has provided the Defendant with investigation reports prepared by Special Agents Michael Curran, Eric Kotchian and/or Detective Shane Woodson of the Southbridge Police Department which summarize the oral statements made by Mr. Vallee to them.  While the issue is not free from doubt, the prevailing view among federal courts is that where the Government provides a defendant with a report which sets forth the substance of his/her statement, then Rule 16(a)(1)(B) has been met and it is not necessary for the Government to turn over the agent's rough notes.

As noted by the Government, I have previously held that given the purposes of Rule 16, the Defendant is entitled to copies of handwritten, *i.e.,* rough notes, in the custody or possession of the Government which summarize oral statements made by him, only if: (1) the statements made by the Defendant which are summarized in the notes are relevant to the case; (2) such notes were prepared either by the person who overheard the Defendant making the statements or the person to whom the

statements were directed and were prepared contemporaneously with the making of the statements; (3) such notes set forth *verbatim* the substance of the oral statements; and (4) such notes were prepared by a government agent (including any cooperating individual or co-defendant who was acting at the direction of the Government). But see United States v. Essam Mohammed Almoandis, 307 F.Supp.2d 253 (D.Mass. 2004)(Collings, M.J.)(agent's rough notes of interview of defendant in circumstance where defendant knew interviewer was government agent are discoverable under Rule 16). Additionally, I find that such notes should be disclosed if they contain exculpatory information which was not included in the agent's formal report, or if the notes contain information which contradicts or conflicts with information included in the agent's formal report.

I have read the rough notes of the agents who interviewed Mr. Vallee which the Government has provided to me for *in camera* review. I have also reviewed the investigative reports which were disclosed to Mr. Vallee. First, the notes do not meet the criteria for disclosure under Rule 16 in that they are not verbatim accounts of the agents' interview with Mr. Vallee. Second, while not verbatim, the notes contain enough information to make it

clear that the investigation reports, which have been provided to Mr. Vallee, accurately reflect the substance of those notes. Furthermore, there is nothing exculpatory in the notes and nothing in the notes which contradicts or conflicts with information contained in the investigation reports. Therefore, I am denying Mr. Valley's request for disclosure of the agent's handwritten notes. The Government shall continue to preserve those notes.

### Conclusion

1. Mr. Vallee's Motion For Production Of Notes Of Defendant's Statements (Docket No. 16) is <u>denied</u>.

> /s/ Charles B. Swartwood
> Charles B. Swartwood, III
> CHIEF MAGISTRATE JUDGE