UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES of AMERICA** | ) ) ) | |
| v. | ) ) | **Criminal No.** |
| **BRIAN VALLEE,** | ) ) | **04-40026-FDS** |
| Defendant. | ) ) ) | |

**ORDER ON MOTION FOR REVIEW OF ORDER DENYING MOTION
FOR PRODUCTION OF NOTES OF DEFENDANT'S STATEMENTS**

**SAYLOR, J.**

This matter is before the Court on a motion for reconsideration pursuant to Rule 2(b) of the Local Rules for United States Magistrate Judges. Defendant Brian Vallee objects to the Order of Chief Magistrate Judge Swartwood dated May 5, 2005, denying his motion to compel the production of handwritten notes of government agents pursuant to Fed. R. Crim. P. 16(a)(1)(B)(ii). For the reasons stated below, the Court concludes that the Order was contrary to law, and that Rule 16 requires the production of such handwritten notes.

**I.   Background**

On November 10, 2004, the grand jury returned an indictment charging defendant Brian Vallee with one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j). On March 7, 2005, defense counsel made a discovery request for all reports containing statements from the defendant to government agents from the United States Attorneys' Office. The government produced typed memoranda of defendant's statements, but did not produce any handwritten notes reflecting such statements. Accordingly, on March 26, 2005, the defendant

filed a Motion for Production of Notes of Defendant's Statements, arguing that the text of Rule 16 required the production of such notes. That motion was denied by Magistrate Judge Swartwood on May 5, 2005. Defendant filed a Motion for Review of the Magistrate Judge's Order on May 16, 2005; the government did not file any opposition to this motion.

## II.    Analysis

The relevant language of Fed. R. Civ. P. 16(a)(1)(b) reads: "Upon request of a defendant the government shall disclose to the defendant . . . that portion of *any* written record containing the substance of *any* relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent . . . " (emphasis added).

In determining the scope of the Fed. R. Crim. P. 16(a)(1)(B), the Court must first look to its language. *See United States v. Turkette*, 452 U.S. 576, 580 (1981). If the language is unambiguous, in the absence of a clearly-expressed Congressional intent to the contrary, that language must ordinarily be regarded as conclusive. *Id.*

The language of Rule 16 plainly, and unambiguously, requires the production of any handwritten notes of government agents containing the substance of anything said by the defendant during interrogation. Notably, the rule requires the disclosure of "*any* written record" containing "the substance of *any* relevant oral statement." It is thus not limited to a typed, formalized statement. It is not limited to a verbatim or near-verbatim transcription. It is not limited to the clearest, most readable version of the defendant's statement. Nor does the rule contain any limitations on the nature of the statement (for example, that it be exculpatory) or its intended use (for example, that the government intends to use it at trial), other than the command

that it be "relevant."

The Advisory Committee Notes are in accord with the clear language of the rule. The Notes to the 1991 amendment to Rule 16, which adopted the current language, specifically state that the record requested "need not be a transcription or summary of the defendant's statement but must only be some written reference which would provide some means for the prosecution and the defense to identify the statement." The handwritten notes of a government agent containing the substance of defendant's statements thus fall directly within the scope of the rule's disclosure requirements.

Notwithstanding the apparently clear command of the rule, there is a considerable diversity of opinion among the courts on this issue. Several courts, unsurprisingly, have held that the rule requires the production of handwritten notes. *See, e.g.*, *United States v. Almohandis*, 307 F. Supp. 2d 253, 255 (D. Mass. 2004) (Collings, M. J.) ("The [handwritten] notes are 'a' written record. They may not be the only written record, but they certainly are 'a' written record.")*;* *United States v. Molina-Guervara*, 96 F.3d 698, 705 (3rd Cir. 1996); *United States v. Lilly*, 2003 WL 168443 (W.D. Va. 2003); *United States v. Wright*, 2001 U.S. Dist. Lexis 6347, *48-51 (D. Kan. 2001).

Other courts, however, have held to the opposite effect. *See, e.g. United States v. Brown*, 303 F.3d 582, 589-591 (5th Cir. 2002) (stating that the government satisfies its obligation under the rule when it "discloses a . . . report that contains all of the information contained in the interview notes"); *United States v. Muhammad,* 120 F.3d 688, 699 (7th Cir. 1997) (holding that "[a] defendant is not entitled to an agent's notes if the agent's report contains all that was in the original notes"); *United States v. Walker*, 272 F.3d 407, 417 (7th Cir. 2001) (holding that the

3

production of such notes could not be compelled where the typed report does not have any inconsistencies with the notes); *United States v. Mango*, 1997 WL 222367, *22 (N.D.N.Y. 1997) (stating that the government need only provide the typewritten memorandum produced from the notes, with limited exceptions, such as where the Jencks Act requires production).

Those cases appear to rely on an outdated version of the rule, or at least do not mention the fact that the rule was amended in 1991 to adopt the present language. Prior to 1991, the relevant portion of Fed. R. Civ. P. 16 read, "Upon request of a defendant the government shall permit the defendant to inspect and copy . . . the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent . . . ." Fed. R. Crim. P. 16(a)(1)(A) (1990) (superseded by 1991 amendment). The 1991 amendment made at least two changes: first, it eliminated the requirement that the prosecution intend to offer the statement at the trial, and second, it mandated the disclosure of "that portion of *any written record containing the substance* of any oral statement." Fed. R. Civ. P. 16(a)(1)(B)(ii) (emphasis added).[1]

As Magistrate Judge Collings observed in *Almohandis*, "The post-1991 cases which hold that an agent's rough notes of a defendant's oral statements are not producible do not appear to take note of the 1991 changes adding Rule 16(a)(1)(B)(ii)." For that reason, the Court does not find those cases to be persuasive authority.

The Court is cognizant that the production of an agent's handwritten notes is fraught with potential dangers and problems. Such notes are rarely accurate transcriptions, and instead often

---

[1] The relevant provision was renumbered without change in 2002 as Fed. R. Civ. P. 16(a)(1)(B)(ii).

consist in substantial part of sentence fragments, abbreviations, and disconnected words.  They are likely to be confusing, ambiguous, or misleading in the absence of an explanation as to their content.  They may contain mental impressions, comments, notes to one's self, or possible follow-up questions, which may require painstaking redactions.[2]  And they are more likely to be lost or discarded, inadvertently or otherwise, than formal memoranda.

Nonetheless, the Court cannot ignore the plain language of the 1991 amendments.  The Rules Committee, and Congress, has chosen the path of greater disclosure, and this Court has no choice but to follow that decision.

Under Rule 2(b) of the Local Magistrate Judge Rules, the District Court shall modify or set aside any portion of a Magistrate Judge's order that the Court determines to be clearly erroneous or contrary to law.  For the reasons stated herein, the Magistrate's Order of May 5, 2005, is contrary to law and will be set aside.  Based on the express language of Fed. R. Civ. P. 16(a)(1)(b)(ii), the notes of a government agent made during an interrogation are subject to disclosure to the defendant upon request, whether or not the substance of the notes were incorporated into a final report which was also disclosed to the defendant.

## III.    Conclusion

For the reasons stated above, defendant's motion for review of the Magistrate Judge's Order is hereby GRANTED, the Order is SET ASIDE, and the government is hereby ORDERED to produce  that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any

---

[2]  The government need only disclose "the portion of any written record containing the substance" of the statement, and therefore may ordinarily redact materials other than the statement itself.

person then known to the defendant to be a government agent, including any handwritten notes containing the substance of such statement.

**So Ordered.**

                                                      /s/ F. Dennis Saylor
                                                    F. Dennis Saylor IV
                                                    United States District Judge

Dated: August 1, 2005