UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-40026-FDS |
| | ) | |
| BRIAN VALLEE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION FOR A STAY AND TO RECONSIDER ORDER DIRECTING PRODUCTION OF NOTES TAKEN DURING INTERVIEWS WITH DEFENDANT**

The government hereby files the instant motion asking the Court to reconsider its order, dated August 1, 2005, directing the government to produce notes containing the substance of any relevant oral statement made by the defendant in response to interrogation by a government agent, and for a stay of the Court's order. The Court's decision indicates that it did not consider the government's opposition to the discovery motion filed with Magistrate Judge Swartwood.

**I. Procedural History**

Defendant filed with Magistrate Judge Swartwood a motion for production of notes taken by agents during interviews of defendant. The government opposed the motion, filing a memorandum in opposition, and providing Judge Swartwood with copies of the agents' report, and, under seal, the notes an agent took during such interviews. On the basis of these submissions, Judge Swartwood denied the motion.

Defendant then filed an objection, pursuant to Rule 2(b) of

1

the Local Rules for Magistrate Judges in the District of Massachusetts, asking this Court to modify and set aside Judge Swartwood's denial. The objection comprised a three-page "motion" which summarized the reasoning for Judge Swartwood's denial and argued, as Defendant had in his original motion, that a denial was contrary to the plain language of the Rule, the original motion, and Judge Swartwood's decision. The government did not file an opposition, relying on its opposition to the original motion.

On August 1, 2005, this Court set aside Judge Swartwood's Order as being clearly erroneous and contrary to law. In doing so, the Court stated that "the government did not file any opposition to this motion," referring to the objection defendant filed to Judge Swartwood's order. This Court ordered the government to produce notes containing the substance of defendant's statements.

## II. Rule 2(b) Contemplates Consideration Of the Entire Record Below.

This Court's decision indicates that the Court did not consider the government's filings in opposition to the motion to produce. The government respectfully submits that Local Rule 2(b) required this Court to consider the government's opposition to the original discovery motion in ruling on Defendant's objection to Judge Swartwood's order. Rule 2(b) provides, in relevant part:

> The district judge to whom a case is assigned will consider [] objections [to a magistrate judge's order] and will modify or set aside any portion of the magistrate judge's order determined to be clearly erroneous or contrary to law."

2

A determination whether an order meets such standards, it would seem, contemplates review of all submissions on which the magistrate judge relied, including papers filed in support of and opposition to the issue. In the analogous case of review of a magistrate judge's detention order, the district court must conduct a "de novo review." United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990). Indeed, one of the cases on which Tortora relied, United State v. Koenig, 912 F.2d 1190 (9th Cir. 1990), summarized the district court's obligation as follows:

> the district court ... [need not] start over in every case, and proceed as if the magistrate's decision and findings did not exist. The district court erred, however, in ruling that it could review the magistrate's findings under a "clearly erroneous" standard of deference. It should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate. The point is that the district court is to make its own "de novo" determinations of facts, whether different from or an adoption of the findings of the magistrate.

912 F.2d at 1193.

Moreover, the language of Local Rule 2(b) suggests that review is not by means of ordinary motion practice. Rule 2(b) requires filing an "objection," and does not expressly authorize a

3

responsive filing. Even if the Rule used the term "motion," generally the Local Rules restrict filing papers not authorized by rule. See e.g. Local Rule 7.2(B)(3)("All other papers not filed as indicated . . . may be submitted only with leave of court.").

In any case, the government read Rule 2(b) in light of the scope of review of detention orders, and as contemplating a full review of the record before the magistrate judge, and based upon such reading, did not file a further responsive opposition.

### III. This Court should Reconsider its Ruling

We respectfully move that to the extent this Court's August 1, 2005 decision did not consider the government's original opposition, the Court stay its August 1 Order and reconsider.

A motion to reconsider is committed to the sound discretion of the court. See United States v. Roberts, 978 F.2d 17, 20 (1st Cir. 1992)(overturning district court's grant of motion to suppress without consideration of government's opposition where there was some ambiguity in local rule). A court faced with a motion to reconsider must apply an interests-of-justice test. Id. at 21; Douglas v. York County, 360 F.3d 286, 289 (1st Cir. 2004)(in a civil rights action, injection by district court of new issue without notice and opportunity to respond abuse of discretion).[1]  In

---

[1] In Roberts, the First Circuit identified seven factors relative to the interest-of-justice analysis. Some of these were tailored to the facts of Roberts which involved a late filing in opposition to a motion to suppress. See Roberts, 978 F.3d at 21-22. We deal with only three here because the list was merely illustrative and tailored to the facts of Roberts.

4

Roberts, the Court identified a number of factors that would have been relevant to an interest-of-justice test, such as: (1) the nature of the case; (2) prejudice to the non-movant (3) the effect of granting or denying the motion on the administration of justice. Each of these supports granting the motion to reconsider. First, this is a criminal case, as was Roberts, involving a stolen firearm. Because of the strong public interest in the prosecution of criminal cases and, as here, illegal possession of firearms, this factor cuts sharply in favor of reconsideration. Second, there is no prejudice to Defendant; this case is before the Magistrate Judge while the parties explore a non-trial disposition. There is no evidence that reconsideration would bias the defense of the case or plea negotiations. Lastly, full consideration of the issue is extremely important to the administration of justice. As noted in our opposition papers, a ruling that the government is required to produce an agent's notes effects a far-reaching change in discovery practice, and is contrary to the Advisory Notes statement that the amendment was intended to "expand slightly" the government's discovery obligation.

For all these reasons, we ask the Court to reconsider in light of the government's original opposition. A copy of the opposition and the agents' reports are submitted herewith. The government will submit the notes of the agent under seal.

## CONCLUSION

Based on the forgoing, the motion for discovery of notes taken during interviews of Defendant should be re-considered and based upon the government's opposition, denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ David Hennessy
David Hennessy
Assistant U.S. Attorney

Dated: August 2, 2005

## CERTIFICATE OF SERVICE

I, David Hennessy, Assistant U.S. Attorney, do hereby certify that I have this 2nd day of August, 2005, served the copy of the foregoing by U.S. Mail on J. Martin Richey, Esq., Federal Defender Office, 408 Atlantic Avenue, 3rd Fl., Boston, MA 02210.

/s/ David Hennessy
David Hennessy
Assistant U.S. Attorney

6