UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA )<br>)<br>v. )<br>)<br>BRIAN VALLEE, )<br>)<br>Defendant. )<br>) | Criminal No.<br>04-40026-FDS |

**AMENDED ORDER ON MOTION FOR REVIEW OF ORDER DENYING
MOTION FOR PRODUCTION OF NOTES OF DEFENDANT'S STATEMENTS**

**SAYLOR, J.**

This matter is before the Court on a motion for reconsideration pursuant to Rule 2(b) of the Local Rules for United States Magistrate Judges. Defendant Brian Vallee objects to the Order of Chief Magistrate Judge Swartwood dated May 5, 2005, denying his motion to compel the production of handwritten notes of government agents pursuant to Fed. R. Crim. P. 16(a)(1)(B)(ii). For the reasons stated below, the Court concludes that the Order was contrary to law, and that Rule 16 requires the production of such handwritten notes.

**I.    Background**

On November 10, 2004, the grand jury returned an indictment charging defendant Brian Vallee with one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j). On March 7, 2005, defense counsel made a discovery request for all reports containing statements from the defendant to government agents from the United States Attorneys' Office. The government produced typed memoranda of defendant's statements, but did not produce any handwritten notes reflecting such statements. Accordingly, on March 26, 2005, the defendant

filed a Motion for Production of Notes of Defendant's Statements, arguing that the text of Rule 16 required the production of such notes.  That motion was denied by Magistrate Judge Swartwood on May 5, 2005.  Defendant filed a Motion for Review of the Magistrate Judge's Order on May 16, 2005.

The Court issued an Order on August 1, 2005, concluding that the Order of the Magistrate Judge was contrary to law and that portions of the handwritten notes should be produced.  On August 2, 2005, the government moved for a stay and for reconsideration of the Order, based on the Court's failure to consider all of the relevant submissions to the Magistrate Judge.  After review of those submissions, and the government's motion and defendant's opposition, the Court is issuing the following Amended Order.

**II.     Analysis**

The relevant language of Fed. R. Civ. P. 16(a)(1)(b) reads:  "Upon request of a defendant the government shall disclose to the defendant . . . that portion of *any* written record containing the substance of *any* relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent . . . " (emphasis added).

In determining the scope of the Fed. R. Crim. P. 16(a)(1)(B), the Court must first look to its language.  *See United States v. Turkette*, 452 U.S. 576, 580 (1981).  If the language is unambiguous, in the absence of a clearly-expressed Congressional intent to the contrary, that language must ordinarily be regarded as conclusive.  *Id.*

The language of Rule 16 plainly, and unambiguously, requires the production of any handwritten notes of government agents containing the substance of anything said by the

defendant during interrogation. Notably, the rule requires the disclosure of "*any* written record" containing "the substance of *any* relevant oral statement." It is thus not limited to a typed, formalized statement. It is not limited to a verbatim or near-verbatim transcription. It is not limited to the clearest, most readable version of the defendant's statement. Nor does the rule contain any limitations on the nature of the statement (for example, that it be exculpatory) or its intended use (for example, that the government intends to use it at trial), other than the command that it be "relevant."

The Advisory Committee Notes are in accord with the clear language of the rule. The Notes to the 1991 amendment to Rule 16, which adopted the current language, specifically state that the record requested "need not be a transcription or summary of the defendant's statement but must only be some written reference which would provide some means for the prosecution and the defense to identify the statement." The handwritten notes of a government agent containing the substance of defendant's statements thus fall directly within the scope of the rule's disclosure requirements.

Notwithstanding the apparently clear command of the rule, there is a considerable diversity of opinion among the courts on this issue. Several courts, unsurprisingly, have held that the rule requires the production of handwritten notes. *See, e.g.*, *United States v. Almohandis*, 307 F. Supp. 2d 253, 255 (D. Mass. 2004) (Collings, M. J.) ("The [handwritten] notes are 'a' written record. They may not be the only written record, but they certainly are 'a' written record."); *United States v. Molina-Guervara*, 96 F.3d 698, 705 (3rd Cir. 1996); *United States v. Lilly*, 2003 WL 168443 (W.D. Va. 2003); *United States v. Wright*, 2001 U.S. Dist. Lexis 6347, *48-51 (D. Kan. 2001).

Other courts, however, have held to the opposite effect. *See, e.g. United States v. Brown*, 303 F.3d 582, 589-591 (5th Cir. 2002) (stating that the government satisfies its obligation under the rule when it "discloses a . . . report that contains all of the information contained in the interview notes"); *United States v. Muhammad,* 120 F.3d 688, 699 (7th Cir. 1997) (holding that "[a] defendant is not entitled to an agent's notes if the agent's report contains all that was in the original notes"); *United States v. Walker*, 272 F.3d 407, 417 (7th Cir. 2001) (holding that the production of such notes could not be compelled where the typed report does not have any inconsistencies with the notes); *United States v. Mango*, 1997 WL 222367, *22 (N.D.N.Y. 1997) (stating that the government need only provide the typewritten memorandum produced from the notes, with limited exceptions, such as where the Jencks Act requires production).

Those cases appear to rely on an outdated version of the rule, or at least do not mention the fact that the rule was amended in 1991 to adopt the present language. Prior to 1991, the relevant portion of Fed. R. Civ. P. 16 read, "Upon request of a defendant the government shall permit the defendant to inspect and copy . . . the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent . . . ." Fed. R. Crim. P. 16(a)(1)(A) (1990) (superseded by 1991 amendment). The 1991 amendment made at least two changes: first, it eliminated the requirement that the prosecution intend to offer the statement at the trial, and second, it mandated the disclosure of "that portion of *any written record containing the substance* of any oral statement." Fed. R. Civ. P. 16(a)(1)(B)(ii) (emphasis added).[1]

---

[1] The relevant provision was renumbered without change in 2002 as Fed. R. Civ. P. 16(a)(1)(B)(ii).

4

As Magistrate Judge Collings observed in *Almohandis*, "The post-1991 cases which hold that an agent's rough notes of a defendant's oral statements are not producible do not appear to take note of the 1991 changes adding Rule 16(a)(1)(B)(ii)." For that reason, the Court does not find those cases to be persuasive authority.

The government, however, argues that:

> the objective of the [1991] amendment was not to force production of an agent's fragmented notations or scattered jottings made during an interview of a defendant. Rather, it was to insure that a defendant receive a written record of the substance of any statement he or she made, whether or not the government intended to offer it at trial.

Gov't's Opp. to Def.'s Motion at 3. The problem with that argument is that it substitutes the indefinite article "a" for the adjective "any" in the text of the rule. Rule 16 does not command the production of "a" written record containing the substance of defendant's statements; it commands the production of "any" such record.

The government further argues that the Advisory Committee notes state that the 1991 amendment was intended to "expand slightly" the government's discovery obligations, and that the Court's interpretation would work a "far-reaching and revolutionary change in discovery practice" rather than a slight expansion. Gov't's Opp. to Def.'s Motion at 5. The Court notes a possible incongruity, but it is not enough to overcome the plain language of the actual rule.[2] If the Committee had intended the result suggested by the government, it would have been simple enough to say so (e.g., by requiring the government to produce "the substance of any statement by the defendant"). The Court cannot assume that the words do not carry their ordinary English

---

[2] The Rule requires only the production of records containing the substance of any statements of the defendant. It does not require the production of notes of witness interviews or investigatory notes generally, and is therefore not necessarily a "far-reaching" or "revolutionary" change.

5

meaning.

Finally, the government argues that the Court's interpretation contradicts the language of Rule 16(a)(2), which generally exempts "the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."  That rule, however, begins with the phrase, "Except as Rule 16(a)(1) provides otherwise," and therefore the Court's ruling is entirely consistent with Rule 16(a)(2).

The Court is cognizant that the production of an agent's handwritten notes is fraught with potential dangers and problems.  Such notes are rarely accurate transcriptions, and instead often consist in substantial part of sentence fragments, abbreviations, and disconnected words.  They are likely to be confusing, ambiguous, or misleading in the absence of an explanation as to their content.  They may contain mental impressions, comments, notes to one's self, or possible follow-up questions, which may require painstaking redactions.  And they are more likely to be lost or discarded, inadvertently or otherwise, than formal memoranda.

The Court further emphasizes that the Rule only requires the production of that "portion" of any written record containing the substance of a defendant's statement.  Under ordinary circumstances, therefore, the government may redact all materials in the notes other than the substance of the statement itself.  Moreover, the Court's interpretation is limited solely to Rule 16(a)(1)(b)(ii), which applies only to defendant's statements; it does not, for example, extend to witness statements under the Jencks Act, 18 U.S.C. § 3500, which contains a substantially different disclosure obligation.

Nonetheless, the Court cannot ignore the plain language of the 1991 amendments.  The

6

Rules Committee, and Congress, has chosen the path of greater disclosure, and this Court has no choice but to follow that decision.

Under Rule 2(b) of the Local Magistrate Judge Rules, the District Court shall modify or set aside any portion of a Magistrate Judge's order that the Court determines to be clearly erroneous or contrary to law.  For the reasons stated herein, the Magistrate's Order of May 5, 2005, is contrary to law and will be set aside.  Based on the express language of Fed. R. Civ. P. 16(a)(1)(b)(ii), the notes of a government agent made during an interrogation are subject to disclosure to the defendant upon request, whether or not the substance of the notes were incorporated into a final report which was also disclosed to the defendant.

### III.   Conclusion

For the reasons stated above, defendant's motion for review of the Magistrate Judge's Order is hereby GRANTED, the Order is SET ASIDE, and the government is hereby ORDERED to produce that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent, including any handwritten notes containing the substance of such statement.  The government's motion for a stay and for reconsideration is DENIED.

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: August 5, 2005