UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-40026-FDS |
| | ) | |
| BRIAN VALLEE | ) | |

DEFENDANT'S ASSENTED-TO MOTION
<u>TO AMEND JUDGMENT</u>

Defendant, pursuant to Fed.R.Crim.P. 36, hereby moves this Court to amend the judgment in this case by striking, at page two, the paragraph:

> "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  12 month(s)
> The defendant shall serve 9 months imprisonment followed by 3 months of Community Confinement.
> This sentence shall be consecutive to any sentence currently being served."

and inserting instead:

> "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  9 month(s)
> This sentence shall be consecutive to any sentence currently being served;"

and by adding, at page four, the following additional special condition of Supervised Release:

> "4.  The first 3 months of Supervised Release shall be served in Community Confinement."

As grounds for this motion, the Court, at sentencing, expressed its intention that defendant serve a 12-month sentence, as follows:  9 months imprisonment followed by 3 months Community Confinement.  The final judgment as written, however, commits

defendant to the custody of the Bureau of Prisons for 12 months. The Bureau of Prisons interprets this sentence as one of 12 months imprisonment, and, per BOP regulation, will not place defendant in Community Confinement after the 9-month mark.  See May 15, 2006 letter to undersigned counsel from Assistant U.S. Attorney David Hennessy, attached as Exhibit A.  If the judgment is amended as requested above, the Court's sentence will be executed as the parties believe the Court originally intended. Id.  Defendant will serve 9 months imprisonment in the custody of the Bureau of Prisons, and then 3 months in Community Confinement as a special condition of Supervised Release.

Fed.R.Crim.P. 36 provides authority for the Court to amend the written judgment so that it accurately reflects the Court's intention as orally expressed at defendant's sentencing hearing. See United States v. Mojabi, 161 F.Supp.2d 33 (D.Mass. 2001).

Assistant U.S. Attorney David H. Hennessy assents to this motion.

>                    BRIAN VALLEE
>                    By his attorney,
>
>
>                    /s/ J. Martin Richey
>                    J. Martin Richey
>                       B.B.O. # 559902
>                    Federal Defender Office
>                    408 Atlantic Ave. 3rd Floor
>                    Boston, MA  02210
>                    Tel: 617-223-8061

<u>Certificate of Service</u>

    I, J. Martin Richey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 22, 2006.

                                                <u>/s/ J. Martin Richey</u>
                                                J. Martin Richey